### Springfield Consolidated Railway Company v. James D. Hopkins.

CONTRIBUTORY NEGLIGENCE—*what not as a matter of law.* So long as a street is open for travel and not impassable a person has a right to travel thereon and by the act of so doing alone he cannot be held guilty of contributory negligence for injury through the negligence of a traction company.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

WILSON, WARREN & CHILD, for appellant.

JOHN C. SNIGG, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $200, for damages alleged to have been sustained by reason of the negligent operation of a street car by appellant's servants. The only ground urged for a reversal of the judgment is, that the verdict is against the manifest weight of the evidence.

On June 16, 1905, and for some six weeks prior thereto the street pavement for a distance of about two blocks, between the rails of appellant's track on

562    APPELLATE COURTS OF ILLINOIS.

Vol. 137.]    Springfield Cons. Ry. Co. v. Hopkins.

Second street in the city of Springfield, was torn up for the purpose of repairing the track, the brick, sand and excavated material being piled up in the street on the west side of the track. Appellee testified that at about ten o'clock on the evening of the day above named, he drove south on the west side of Second street until he reached a point where that side of the street was barred against further travel; that he then turned his horse to the left to cross appellant's track to the east side of the street; that he got three wheels of his buggy across the track, but the right rear wheel went into the excavation between the rails of the track; that a car was then approaching rapidly from the south and he whipped up his horse for the purpose of avoiding a collision, but the wheel of his buggy continued to slide along the rail; that an approaching cab on the east side of the street caused his horse to hesitate, and before he could get across, the car collided with his buggy inflicting the injuries complained of. A boy thirteen years of age, a nephew of appellee, substantially corroborates appellee's version of the occurrence.

It is insisted on behalf of appellant that it appears from the greater weight of the evidence that appellee did not cross the track of appellant at the place and under the circumstances detailed by him, but that he drove south rapidly on the east side of the street, and that in attempting to drive between the cab and the approaching street car, at a point where there was not sufficient room for appellee's buggy to pass, a collision occurred without the fault of appellant's servants. As we read the evidence in the record, it appears to sustain the contention of appellant rather than that of appellee, as to the manner in which the collision occurred, but we are not prepared to say that the jury, who saw and heard the several witnesses testify, were not warranted in believing appellee's version of the affair to be true.

It is not denied that the street car was traveling at

a high rate of speed; that the condition of the street was such as to make it dangerous for travel, and required appellant, in the operation of its cars, to exercise a degree of care commensurate with the danger. Appellee is not necessarily to be convicted of contributory negligence because, being aware of its condition, he traveled on the street. City of Mattoon v. Faller, 217 Ill. 273. So long as the street was open for travel and not impassable, he had the right to travel upon it, exercising such care as was reasonably necessary, in view of his knowledge of the condition of the street.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*